# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REV. DR. WILLIAM DAVID LEE, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> SIXTH MOUNT ZION BAPTIST CHURCH ) </br> OF PITTSBURG d/b/a SIXTH MOUNT ) </br> ZION MISSIONARY BAPTIST CHURCH, ) </br> et al., ) </br> ) </br> Defendants. ) </br> ) | Civil Action No. 15-1599 </br> Hon. Nora Barry Fischer |

## MEMORANDUM OPINION

I.  INTRODUCTION

This case involves an employment dispute between a Pastor and the Church who hired him to lead it and then terminated his employment. Specifically, Rev. Dr. William David Lee ("Lee") sues for breach of a written contract of employment, naming as defendants the Sixth Mount Zion Baptist Church of Pittsburg[1] d/b/a the Sixth Mount Zion Missionary Baptist Church (the "Church"), as well as eleven of its deacons, who are sued individually. (Docket No. 1). Presently, before this Court is the Motion for Judgment on the Pleadings (Docket No. [43]), filed by the eleven individual defendants in this matter, Timothy Ralston, Nathaniel Young, Geoffrey Kevin Johnson, Rochelle Johnson, Alexander Hall, Raymond Jackson, James Grover, Arthur Harris, Jerome Taylor, Tommie Nell Taylor, and Roy Elder (collectively "Individual Defendants"), and Plaintiff's opposition thereto. After reviewing the filings of the parties, including the Complaint, the Individual Defendants' Answer, the Individual Defendants' Motion

---

[1] The spelling of Pittsburg is as indicated in the Complaint and in the 1915 Charter of Incorporation. (Docket No. 1 and Exhibit A).

for Judgment on the Pleadings, Plaintiff's Response, the Individual Defendants' Reply, and Plaintiff's Sur-Reply, (Docket Nos. 1, 18, 43, 47, 51, 53), and considering the standards for granting such a motion under Federal Rule of Civil Procedure 12(c), the motion will be granted for the following reasons.

II.     FACTUAL BACKGROUND

According to the Complaint and Charter of Incorporation attached as Exhibit A to the Complaint, the Church is a longstanding church in Pittsburgh, received its original Charter of Incorporation in 1915, (Docket No. 1, Ex. A), and is overseen by its Pastor and Deacon Board. (Docket No. 1 at ¶ 19). As further alleged in the Complaint, Lee and the Church entered into an employment contract (the "Contract") whereby Lee was hired for the position of Pastor of the Church, with certain of his duties spelled out in the Contract. (Docket No. 1 at ¶ 21 and Ex. B). Lee attached the Contract to his Complaint. (Docket No. 1, Ex. B).

The Contract provides that its initial term would commence on December 1, 2012, and would expire on December 31, 2032. (Docket No. 1 at ¶¶ 21, 31, Ex. B at § 3, p. 2). Section 12 of the Contract states various terms and conditions governing termination of the Pastor's employment, (Docket No.1 at ¶¶ 22, 23, 29, 30, Ex. B at §12, p. 5-7), including that either party could terminate the agreement with or without cause but with certain contractual consequences. (Docket No. 1, Ex. B at §§ 12.2 & 12.3). The Contract further provides that "[t]he rights of termination set forth in this contract are in addition to any other rights of termination allowed to either party by law." (Docket No. 1, Ex. B at § 12.3). Lee alleges that termination of his employment as Pastor of the Church was without cause as cause is defined more fully in the Contract. (Docket No. 1 at ¶ 37, and Ex. B, § 12.3 (i) & (ii)). Lee filed a single count action for

2

breach of contract against all defendants, seeking payment of $2,643,996.40, plus costs of suit and attorney's fees under the Contract. (Docket No. 1 at 11).

III.     PROCEDURAL HISTORY

On September 9, 2015, Lee commenced this diversity action in the United States District Court for the Eastern District of Pennsylvania. (Docket No. 1). All defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. (Docket No. 2). In opposition to the motion, Lee requested that the District Court pursuant to 28 U.S.C. § 1406 transfer the action to the Western District of Pennsylvania because the Individual Defendants all reside within the Western District and because the corporate defendant, the Church, has its principal place of business in the Western District as well. (Docket Nos. 3 at 2 ¶¶ 2, 3, 5; 2 at ¶¶ 2, 3). The Court determined that transfer to this district would further the interests of justice, ruling that "all twelve Defendants are residents of the Western District of Pennsylvania, and the events underlying the cause of action occurred within that district.  Transfer rather than dismissal would further the interest of justice." (Docket No. 4 at 3).  Defendants filed their answer in the Eastern District on December 3, 2015. (Docket No. 18).

On December 7, 2015 the matter then was transferred to this Court.  (Docket No. 20). This Court held a case management conference on January 12, 2016, (Docket No. 36), and referred the matter to mediation. (Docket No. 38).  On February 12, 2016, Lee filed a Motion for Partial Summary Judgment, which the Court denied as premature that same day.  (Docket Nos. 40, 41).  Mediation was held on February 24, 2016, but the matter did not settle.  (Docket No. 42).

Thereafter, the Individual Defendants on February 26, 2016 filed their present Motion for Judgment on the Pleadings.  (Docket No. 43).  On March 28, 2016, Lee filed his Response to the

3

Motion. (Docket No. 47). Individual Defendants filed their Reply on April 11, 2016, (Docket No. 51), and Lee filed his Sur-Reply on April 25, 2016. (Docket No. 53). Thus, the matter is now ripe for disposition.[2]

IV. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings is appropriate only when the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Minnesota Rosenau v. Unifund* Corp., 539 F.3d 218, 221 (3d Cir. 2008) (internal quotations and citations omitted). When ruling on a motion for judgment on the pleadings, a court generally cannot consider matters outside of the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997). A court, however, appropriately may consider a document attached to the complaint, a document "integral to or explicitly relied upon in the complaint," or an otherwise indisputably authentic document. *Id.* (citations omitted). In order to survive a Rule 12(c) motion, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court of Appeals for the Third Circuit has prescribed a three-step analysis to determine whether a claim is plausible. First, the court should "outline the elements a plaintiff must plead to state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Second, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility

---

[2] The Court had initially scheduled this matter for oral argument. However, on review, the Court has determined that argument is not necessary.

standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Third, the court should assume the veracity of all well-pled factual allegations and then "'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content from which to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," but the law does not impose a "probability requirement." *Id.* "Although factual allegations must be enough to raise a right to relief above the speculative level, a plaintiff need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (internal quotations, citations, and alterations omitted). This third step of the analysis is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679).

V. DISCUSSION

The Individual Defendants put forth several bases in support of their motion, arguing that: 1) they cannot be sued for breach of a contact to which they are not parties; 2) they do not have authority as deacons of the Church to hire or fire Church employees, and therefore, they cannot be held liable for actions for which they had no authority; 3) under Church By-Laws, the Church Congregation had authority to remove Plaintiff from his unlimited tenure by a two-thirds vote of the Congregation; and 4) as volunteers in a non-profit organization they are "immune" from liability under 42 Pa. C.S.A. § 8332.2. (Docket 43 at ¶ 3). Plaintiff contests these bases for

5

dismissal. As the Contract and Charter of Incorporation are attached to the Complaint, it is appropriate for this Court to consider same, to the extent relevant, in ruling on the Individual Defendants' motion.

### a. Individual Defendants are not Party to Lee's Employment Contract

The existence of a contract between Lee and the Individual Defendants is required under Pennsylvania law for Lee to pursue his breach of contract claim against them. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, ___ A.3d ___, 2016 WL 1627551, at *9 (Pa. April 25, 2016) (citing with approval *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. 1991), *aff'd*, 618 A.2d 395 (Pa. 1993)). It is axiomatic that only a party to a contract can be sued for its breach. *See Fish Net, Inc. v. ProfitCenter Software, Inc.*, 2013 WL 5635992, at *4 (E.D. Pa. Oct. 15, 2013); *Rabner v. Titelman*, 2016 WL 1613444 at *7 (W.D. Pa. April 22, 2016) (party to contract is appropriate party to sue for the breach); *see also*, *Electron Energy Corp.*, 597 A.2d at 177; *Reuben v. U.S. Air*, Civ. A. No. 11-1235, 2012 WL 2302156, at *6 (W.D. Pa. June 18, 2012), *aff'd sub nom.*, *Reuben v. U.S. Airways, Inc.*, 500 F.App'x 103 (3d Cir. 2012). Moreover, "as a general matter, when a corporation enters into a contract, the corporation alone is liable," *KDH Electronic Systems, Inc. v. Curtis Technology Ltd.*, 826 F. Supp. 2d 782, 794 (E.D. Pa. 2011) (citing *Loeffler v. McShane*, 539 A.2d 876, 879 (Pa. Super. 1988)), for its breach.

Lee insists that his Complaint alleges that the subject agreement was entered into by Individual Defendants in paragraph 34. (Docket No. 53 at ¶ 2). Paragraph 34 of the Complaint, however, states:

> A binding Agreement was entered into by and between Plaintiff, Dr. David Lee and Defendant Sixth Mount Zion Baptist Church of Pittsburg, d.b.a Sixth Mount Zion Missionary Baptist Church, by its authorized agents, Defendants, Timothy Ralston, Nathaniel Young, Geoffrey Kevin Johnson, Rochelle

6

Johnson, Alexander Hall, Raymond Jackson, James Grover, Arthur Harris, Jerome Taylor, Tommie Nell Taylor, and Roy Elder on or March 20, 2013.

(Docket No. 1 at ¶ 34). This paragraph does not allege as Lee now contends that he entered into a contract with the Individual Defendants, but rather, that the Contract entered into was between Lee and the Church, with the Individual Defendants as authorized agents.

"Under the law of agency a contract made by an agent acting within the scope of its delegated authority is considered a contract of the principal." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.*, ___ A.3d ___, 2016 WL 1627551, at *9 (quoting *Pennsylvania Federation of Teachers v. School District of Philadelphia*, 484 A.2d 751, 753 (Pa. 1984)). Lee's attempt to sue any of the deacons for breach of the Contract between him and the Church is inappropriate. "Whenever a corporation makes a contract, it is the contract of the legal entity—of the artificial being created by the charter—and not the contract of the individual members." *Bala Corp. v. McGlinn*, 144 A. 823 (Pa. 1929). Liability of the corporate officer for breach of contract only extends where, as opposed to here, the officer makes the promise in his individual capacity. *See Walsh v. Alarm Security Group, Inc.*, 95 F. App'x 399, 402 (3d Cir. 2004) (citing *A & F Corp. v. Brown*, No. 94-CV-4709, 1996 WL 466909, at *5 (E.D.Pa. Aug. 15, 1996)).

Notably, only one of the Individual Defendants, Timothy Ralston, is a signatory to the Contract, having signed as stated thereon as Chairman of the Deacon Board. (Docket No. 1, Ex. B at p. 9). Regardless, the Contract itself attached to and made a part of the Complaint clearly indicates that it is an agreement between Lee and the Church as the contracting parties. *See Viso v. Werner*, 369 A.2d 1185, 1187 (Pa. 1977) (facial inspection of the contract indicated that signatory was contracting on behalf of disclosed principal and thus not personally liable to the other contracting party). Lee can cite to no allegations or provisions in the Contract giving rise

to a plausible assertion that the Contract was instead between Lee and the Individual Defendants. *See Electron Energy Corp.*, 597 A.2d at 177 ("Nowhere in the document does the language reasonably suggest that [defendant] . . . was assuming personal liability for the contract."); *see e.g., ULC Oil & Gas Field Servs. v. EXCO Res. (PA), LLC*, 2014 WL 6607280, at *5 (W.D. Pa. Nov. 19, 2014) ("It is well settled that where a claim is predicated on a written instrument that is attached as an exhibit to the complaint, the written instrument will control and courts are not required to accept as true any contradictory allegations in the complaint.") (citations omitted). Indeed, the Contract delineates that the Church and the Pastor are the parties to the agreement in no uncertain terms. (Docket No. 1, Ex. B at 1, *passim*).

Where Plaintiff is relying on the Contract as the basis of the Individual Defendants' personal liability, it is his burden "to point to specific provisions indicating [the individual] defendant's assent to become individually liable or that [they] acted without authority of the principal." *Dodson Coal Co. v. Delano*, 109 A.676, 677 (Pa. 1920). First, none of the Individual Defendants except for Timothy Ralston ("Ralston") is a signatory of the contract. Thus, the other Individual Defendants would be entitled to judgment on the breach of contract claims on this basis alone. *KDH Electronic Systems, Inc.*, 826 F. Supp. 2d at 794. Second, as to Ralston's signature, there is nothing to support that he was signing as an individual party to the Contract. Rather, he was signing on behalf of the Church by virtue of his position on the Deacon Board. The Contract nowhere identifies Ralston, any other deacon, or the Board of Deacons as a party to the Contract.

Lee also contends in his sur-reply that he has denoted in his Complaint at paragraphs 3 through 13 "that the individual Defendants are d.b.a. ("doing business as") "Sixth Mount Zion Missionary Baptist Church." (Docket No. 53 at ¶ 3). For example, ¶ 3 of the Complaint provides

8

"Defendant, Timothy Ralston is an adult individual, citizen and resident of the Commonwealth of Pennsylvania and resides at 138 Conestoga Road, Pittsburg, PA 15235. At all times mentioned in this Complaint Timothy Ralston serves as a Chairman of the Deacon Board at Sixth Mount Zion Baptist Church of Pittsburg, d.b.a. Sixth Mount Zion Missionary Baptist Church." This scant conclusory allegation is insufficient to support Lee's claim in the face of the plain language of the Contract attached to his Complaint identifying Lee and the Church as the contracting parties. *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 n. 6 (Pa. 1983) (mere allegation that individual was "doing business as" corporate entity insufficient to withstand demurrer). Again, the Contract specifies the Church and Rev. Lee, and not the Deacon Board or any of the deacons individually, are the parties to the agreement. Accordingly, the motion for judgment on the pleadings will be granted.

    **b. Board of Deacons' Lack of Authority to Hire and Fire and Authority of Congregation under the By-Laws is Irrelevant to Resolution of Individual Defendants' Motion for Judgment on the Pleadings**

Individual Defendants further argue that they do not have authority as deacons to hire or fire Church employees, and therefore, they cannot be held liable for actions for which they had no authority. (Docket No. 43 at 3). They also contend that under the By-Laws of the Church, by a two-thirds vote the Congregation may remove a pastor from his tenure. (Docket No. 43 at 4, ¶ 14). They attach the By-Laws to their Motion in support of same, asserting that Plaintiff refers to the By-Laws in his Complaint. (Docket No. 43 at ¶11 and n.1). They further add that the Contract recognizes this congregational right of termination in its provision stating that "the rights of termination set forth in this contract are in addition to any other rights or grounds for termination which the Church may have under this Agreement or by law. . ." (Docket Nos. 43 at ¶ 13; 1, Ex. B at §12.3).

Lee, however, only briefly refers to the By-Laws in his Complaint, stating that the Deacon Board is responsible for providing input regarding Church administrative matters. (Docket No. 1 at ¶ 20). The By-Laws are not attached to the Complaint and are not integral to it or explicitly relied upon by Lee within the meaning of *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426, such that this Court would find appropriate their consideration on the present motion for judgment on the pleadings. Nevertheless, Lee indicates that he does not dispute that the Congregation has authority to remove a Pastor, but asserts that under the agreement the Individual Defendants "have additional responsibilities in the execution of the terms of the contract." (Docket No. 53 at ¶ 6). Lee points to the provisions in the Contract outlining procedural requirements of a termination for cause, which would involve the Deacon Board, (Docket No. 53 at ¶ 7), and which he claims were not followed.

Both parties argue these matters for naught. These arguments do not have any relevance to the Individual Defendants' liability for breach of contract. That the Contract, Charter and By-Laws spell out the structure of the Church and certain procedures to be followed regarding termination of the Pastor does not establish any liability of the Individual Defendants for breach of the Contract between the Pastor and the Church. Although these matters may be relevant to a future motion by the Church or Lee or in a court proceeding in this matter regarding the liability of the Church, as the Individual Defendants are not parties to the Contract, these matters simply are irrelevant to the issue for determination now before this Court.

### c. Immunity for Volunteers in a Non-Profit Organization

Individual Defendants finally argue that even if they could be sued for Lee's termination that they are immune from liability under 42 Pa.C.S.A. § 8332.2. (Docket No. 43 at 5). Section 8332.2 specifically provides:

**§ 8332.2. Officer, director or trustee of nonprofit organization negligence standard**

**(a) General rule**.—Except as provided otherwise in this section, no person who serves without compensation, other than reimbursement for actual expenses, as an officer, director or trustee of any nonprofit organization under section 501(c)(3) of the Internal Revenue Code of 1954 (68A Stat. 3, 26 U.S.C. § 501(c)(3)) shall be liable for any civil damages as a result of any acts or omissions relating solely to the performance of his duties as an officer, director or trustee, unless the conduct of the person falls substantially below the standards generally practiced and accepted in like circumstances by similar persons performing the same or similar duties, and unless it is shown that the person did an act or omitted doing of an act which the person was under a recognized duty to another to do, knowing or having reason to know that the act or omission created a substantial risk of actual harm to the person or property of another. It shall be insufficient to impose liability to establish only that the conduct of the person fell below ordinary standards of care.

Section 8332.2 governs the standard for holding liable for civil damages officers, directors and trustees serving without compensation as volunteers in a non-profit organization. As Lee argues in his sur-reply, Individual Defendants raise this standard of liability yet admit that it is not relevant to the dispute for resolution presented by the Individual Defendants' Motion for Judgment on the Pleadings as the standard applies to actions in tort. (Docket Nos. 43 at ¶ 15; 51 at ¶ 10; Docket No. 53 at ¶ 9). Indeed, the very title of the statutory provision makes clear that section 8332.2 governs liability in tort as it describes the standard for an action in negligence. The Complaint, however, contains only a claim for breach of contract. Thus, § 8333.2 provides no guidance on this matter and does not provide additional or any basis for granting judgment on Lee's breach of contract claim.

**d. Possible Amendment**

In a footnote in his Reply Brief and in the closing "wherefore" clause of his Sur-Reply Lee asserts that he now has new counsel and that the deadline for final amendments to pleading is May 31, 2016, requesting that any grant of Individual Defendants' motion be without

prejudice as he may be filing a motion for leave to amend. (Docket Nos. 53 at 2; 47 at 8 n.1); 37. Apparently, Lee may attempt to posit additional arguments and theories in support of a claim against the Individual Defendants. First, that he has new counsel is of no moment. *Lehman Bros. Holdings v. Gateway Funding Diversified Mortgage Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) ("[P]arties cannot 'avoid the consequences of the acts or omissions of [their] freely selected agent[s]. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent[.]'") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)); *Ricci v. Rockwater Northeast LLC*, Civ. A. No. 15-1281, 2015 WL 6509442, at *3 n.2 (W.D.Pa. Oct. 28, 2015). Second, a contention in a brief, much less a throw-away line in the closing "wherefore clause" of a sur-reply brief, does not substitute for sufficient averment in a complaint. *See U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994) (quotation omitted)) ("bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought…—does not constitute a motion within the contemplation of rule 15(a)."). *Williams v. New Castle County*, 970 F.2d 1260, 1266 n. 4 (3d Cir. 1992); *Zampogna v. Sheriff of Westmoreland County, PA*, Civ. A. No. 13-233, 2013 WL 1909146, at *1 (W.D. Pa. May 8, 2013). Third, that some sort of proposed amendment and motion may be forthcoming as suggested does not forestall judgment on the present pleadings. The Court cannot and will not speculate on any unfiled motion and unseen proposed Amended Complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (request for leave to amend without submitting a draft amended complaint is fatal to the request). The Motion for Judgment on the Pleadings was filed on February 26, 2016, Lee has filed both a Response and a

Sur-Reply and the issue has been joined. This "just you wait and see" approach will not be countenanced at this juncture. *See* FED. R. CIV. P. 1 (2015) (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Fourth and finally, if Lee intends a motion for leave to amend, such would require that he satisfy Federal Rule of Civil Procedure 15 regarding any such motion, including that the claim not be futile. *See Alston v. Parker*, 363 F.2d 229, 235 (3d Cir. 2004) (dismissal without leave to amend would be justified on grounds of futility). As to a claim for breach of contract against the Individual Defendants, any such amendment would be futile because review of the Contract attached to and made part of the Complaint makes clear, the Contract is between the Pastor and the Church. Thus, it is appropriate to grant judgment on the pleadings with prejudice as to the breach of contract claim against the Individual Defendants. *See Allegrino v. Conway E & S, Inc.*, Civ. A. No. 09-1507, 2010 WL 2035658, at *8 (W.D. Pa. May 18, 2010) (dismissing breach of contract claims with prejudice as to defendants not parties to the contract). Lee's informal and unsupported requests seeking leave to amend are denied at this juncture. *Kohar v. Wells Fargo Bank, N.A.,* Civ. A. No. 15-1469, 2016 WL 1149580, at *4 (W.D. Pa. Apr. 13, 2016).

VI. CONCLUSION

Based on the foregoing, the Motion for Judgment on the Pleadings [43] filed by Defendants Timothy Ralston, Nathaniel Young, Geoffrey Kevin Johnson, Rochelle Johnson, Alexander Hall, Raymond Jackson, James Grover, Arthur Harris, Jerome Taylor, Tommie Nell Taylor, and Roy Elder is GRANTED. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: May 4, 2016

cc/ecf: All counsel of record